IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3007-FL

| | |
|---|---|
| ANTHONY P. MILLS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| SANDRA THOMAS; PAUL TAYLOR; | ) |
| MS. NICHOLS; MS LOCKLEAR; | ) |
| ALVIN KELLER; ROBERT LEWIS; | ) |
| AND PAULA SMITH, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's November 7, 2012, response to this court's October 16, 2012, order directing him to particularize his complaint. Also before the court are plaintiff's motion to amend (DE # 17), motions for entry of default (DE #s 18, 25), and motions to compel (DE # 23, 24). These matters are ripe for adjudication.

A.  Motion to Amend/Request for Voluntary Dismissal

Plaintiff, in his motion to amend, requests that the court voluntarily dismiss his action against defendants Edward Currie ("Currie"), Finesse G. Couch ("Couch"), Lucien Capone, III ("Capone"), Harold L. Pollock ("Pollock"), Matthew Rouse, Jr. ("Rouse"), and Roger Smith, Jr. ("Smith"). An action may be dismissed voluntarily by plaintiff without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary

judgment. See Fed. R.Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court. See Fed. R.Civ. P. 41(a)(2). At this point, defendants have not been served and have not filed any responsive pleading. Accordingly, plaintiff's motion to voluntary dismiss Currie, Couch, Capone, Pollock, Rouse, and Smith pursuant to Rule 41(a)(1) is GRANTED, and plaintiff's action against these defendants is DISMISSED without prejudice.

B. Frivolity Review

The court now conducts a frivolity review of plaintiff's response to this court's October 16, 2012, order directing him to particularize his action. A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis ... in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis ... in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against Lumberton Correctional Institution ("Lumberton") Superintendent Sandra Thomas ("Thomas"), Lumberton Assistant Superintendent Paul Taylor ("Taylor"), supervisor of the Lumberton medical department Ms. Nichols ("Nichols"), Lumberton head nurse Yvonne Locklear ("Locklear"), North Carolina Department of Public Safety ("DPS")

2

Director of Medical Services Dr. Paula Smith ("Smith"), DPS Secretary Alvin Keller ("Keller"), DPS Director Robert Lewis ("Lewis"). Although plaintiff names Thomas, Taylor, Nichols, Smith, Keller, and Lewis as defendants, he does not allege that they were personally involved in his alleged inadequate medical care. Rather, plaintiff seeks to hold these defendants liable on the basis of supervisor liability.

Supervisors in a § 1983 action may not be held liable based upon a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). Instead, "liability ultimately is determined 'by pinpointing the persons in the decision making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (quoting Slakan v. Porter, 737 F.2d 368, 372-73 (4th Cir. 1984)). To establish supervisor liability under § 1983, a plaintiff must establish:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

(2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and

(3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw, 13 F.3d at 799.

Here, plaintiff attempts to hold Thomas, Taylor, Smith, Keller, Lewis, and Nichols responsible for the alleged inadequate medical care on the basis of their responses to plaintiff's

3

grievances. This, however, is insufficient to state a supervisor liability claim against these defendants because inmates do not have a constitutionally protected right to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, a ruling adverse to a plaintiff on an administrative complaint does not give rise to a constitutional claim. Brown v. Virginia Dept. of Corrections, No. 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) (citing George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (adding that "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.") Additionally, non-medical supervisory prison officials, such as Thomas, Taylor, Keller, and Lewis, are entitled to rely on the medical judgment and expertise of prison physicians and medical staff with regard to the course of treatment necessary for inmates. Stakka v. Smith, 71 F.3d 162, 167 (4th Cir. 1995); Miltier v. Beorn, 896 F.2d 848, 854-55 (4th Cir. 1990) (stating that supervisory prison officials are entitled to rely on professional judgment of trained medical personnel and may be found to have been deliberately indifferent by intentionally interfering with an inmate's medical treatment ordered by such personnel). Based upon the foregoing, the court DISMISSES plaintiff's claims against Thomas, Taylor, Smith, Keller, Lewis, and Nichols for failure to state a claim.

The court now turns to plaintiff's claim against the remaining defendant, Locklear. Plaintiff alleges that Locklear acted with deliberate indifference to his serious medical needs because she refused to treat him for his chronic pain and swelling in his lower legs, which plaintiff alleges resulted in the need for surgical intervention. The court finds that plaintiff is ALLOWED to proceed with his claim against Locklear.

C. Motion for Entry of Default

Plaintiff moves for an entry of default in this action, but Locklear, the remaining defendant, has not been served. Accordingly, Locklear's response to the complaint is not yet due, and plaintiff's motions for entry of default are DENIED.

D. Motions to Compel

Plaintiff filed two motions requesting that the court order defendants to respond to his discovery requests. Plaintiff's motions fail to comply with Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which state that "[c]ounsel must . . . certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1(c), EDNC. Thus, plaintiff's motions to compel are DENIED.

In summary, plaintiff's motion to amend (DE # 17), which this court construed as a motion for voluntary dismissal, is GRANTED, and plaintiff's claims against Currie, Couch, Capone, Pollock, Rouse, and Smith are DISMISSED without prejudice. Also, plaintiff's claims against Thomas, Taylor, Smith, Keller, Lewis, and Nichols are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. The court, however, ALLOWS plaintiff to proceed with his claim against Locklear. The Clerk of Court is DIRECTED to issue an order of investigation. Finally, plaintiff's motions for entry of default (DE #s 18, 25) and motions to compel (DE #s 23, 24) are DENIED.

SO ORDERED, this the 20TH day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge