IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3007-FL

| | | |
|---|---|---|
| ANTHONY P. MILLS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SANDRA THOMAS, PAUL TAYLOR, MS. | ) | |
| NICHOLS, MS LOCKLEAR, ALVIN | ) | |
| KELLER, ROBERT LEWIS, PAULA SMITH, | ) | |
| EDWARD CURRIE, FINESSE G. COUCH, | ) | |
| LUCIEN CAPONE, III, HAROLD L. | ) | |
| POLLOCK, MATTHEW ROUSE, JR., and | ) | |
| ROGER SMITH, JR., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's motion to appoint counsel (DE 34) and motion for entry of default (DE 45). Also before the court is the motion to dismiss (DE 35) pursuant to Federal Rule of Civil Procedure 12(b)(5) filed by defendant Ms. Locklear ("Locklear"). Plaintiff responded to the pending motion to dismiss. In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S.

Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also

Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has

a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist

him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail

of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional

circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is

DENIED.

The court now turns to Locklear's motion to dismiss pursuant to Rule 12(b)(5) for

insufficient service of process. The court's docket reflects that Locklear was properly served

subsequent to the filing of her motion to dismiss. See (DE 43). Because Locklear now has been

properly served, her motion to dismiss is DENIED as moot.

Finally, the court considers plaintiff's motion for entry of default against Locklear.

Summons was returned executed as to Locklear on August 12, 2013, and her response to plaintiff's

complaint was due by September 2, 2013. The court subsequently allowed Locklear until October

2, 2013, to respond to plaintiff's complaint. Thus, plaintiff's motion for entry of default is DENIED

as premature.

In summary, plaintiff's motion to appoint counsel (DE 34) is DENIED, plaintiff's motion

for entry of default (DE 45) is DENIED as premature, and Locklear's motion to dismiss pursuant

to Rule 12(b)(5) (DE 35) is DENIED as moot, .

SO ORDERED, this the 25th day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

2