IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3007-FL

| ANTHONY P. MILLS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| YVONNIE LOCKLEAR, | ) | |
| Defendant. | ) | |

The matter comes before the court on plaintiff's motion to stay and objection to the court's initial order regarding planning and scheduling (DE 66) and motion for copies (DE 70). Also before the court is defendant Yvonnie Locklear's ("defendant") motion for extension of time to file an answer (DE 66). Defendant did not respond to plaintiff's motion, but plaintiff responded to defendant's motion. In this posture, the issues raised are ripe for adjudication.

A.  Motion for an Extension of Time to Answer

The court begins with defendant's motion for an extension of time to file an untimely answer. Plaintiff filed the instant complaint on January 9, 2012. Defendant subsequently was served with plaintiff's summons and complaint on August 12, 2013, and defendant's answer was due by September 2, 2013. After obtaining an extension of time to file her answer, defendant timely filed a motion to dismiss pursuant to Federal Rule of Civil Procedure on September 24, 2013, which the court denied on August 20, 2014. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), defendant's answer then was due fourteen (14) days later on September 3, 2014.

On September 30, 2014, defendant filed a motion for an extension of time to answer plaintiff's complaint and filed defendant's answer. In support of her request to file an untimely answer, defendant's counsel states that the original attorney assigned to represent defendant in this case left the Assistant Attorney General's office and the case was not reassigned in time for the interposing of a timely answer. For good cause shown, the court ALLOWS defendant's motion for an extension of time to file an untimely answer and accepts defendant's answer in this case. See Fed. R. Civ. P. 6(b); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).

B.     Motion for Copies

The court now turns to plaintiff's request for "copies of all documents of Labcore from the beginning of July, 2010 to April of 2012." ((DE 70), 6.) Plaintiff's request for discovery materials fails to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Thus, plaintiff's motion for copies is DENIED, and the court encourages plaintiff to make his discovery requests directly to defendant.

C.     Objection to Initial Order

Finally, the court turns to plaintiff's motion to stay this action and objection to the court's initial order regarding planning and scheduling. Plaintiff requests additional time in this case on the grounds that he has been experiencing health issues and has been hospitalized.[1] Specifically, plaintiff requests a "few extra months to heal the body and mind-or-til[sic] it's 100% percent

---

[1] Plaintiff states that he was released from the hospital on August 21, 2014. ((DE 69), p. 4.)

satisfactory." ((DE 66), p. 2.) Plaintiff, however, has demonstrated his ability to litigate this matter by filing a detailed response to defendant's September 30, 2014, motion for an extension time to file an untimely answer and by his efforts to engage in discovery. Further, dispositive motions are not due, pursuant to the court's September 11, 2014, initial order, until January 27, 2015. Based upon the foregoing, the court finds that an extension of time at this juncture is premature and OVERRULES plaintiff's objection to the court's initial order and DENIES plaintiff's request to stay this case. Should plaintiff deem an extension of time necessary at a later date, he may file a motion for an extension of time at that time. Moreover, the court informs plaintiff that he may voluntarily dismiss his case without prejudice, pursuant to Federal Rule of Civil Procedure 41(a), in the event he determines that he is unable to litigate this action at this time due to his health concerns.

In summary, plaintiff's motion to stay (DE 66) is DENIED and the court OVERRULES plaintiff's objection to the court's initial order. The court also DENIES plaintiff's motion for copies (DE 70). Finally, the court GRANTS defendant's motion for an extension of time to file an untimely answer (DE 69).

SO ORDERED, this the 6th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge